IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK ANDERSON, GARY BASKETT, MARLON GRIGGS, DEMETRIA JACKSON, DANIEL SEALS, RANDEE HOLT, and BRANDIE CARVER , | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-02311-D |
| OCTAPHARMA PLASMA INCORPORATED, CSL PLASMA INCORPORATED, IMMUNOTEK BIO CENTERS LLC, and BIOLIFE PLASMA SERVICES LP, | § § § § § § § | |
| Defendants. | § | |

## DEFENDANT CSL PLASMA INC.'S SEPARATE ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant CSL Plasma Inc. ("CSL" or "Defendant"), for its timely Answer to Plaintiffs'

Second Amended Complaint ("Complaint"), denies each and every thing, fact, matter, and

allegation set forth therein except as herein qualified, admitted, or otherwise explained herein,

and further responds as follows:

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

### I.
### PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegation in paragraph 1 of the Complaint.

2.      Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegation in paragraph 2 of the Complaint.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 3 of the Complaint.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 4 of the Complaint.

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 5 of the Complaint.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 6 of the Complaint.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 7 of the Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 8 of the Complaint.

9.      Defendant admits the allegations in paragraph 9 of the Complaint.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 10 of the Complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 11 of the Complaint.

## II.
## JURISDICTION AND VENUE

12.     Defendant admits that venue is proper in the Northern District of Texas. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13.     Defendant admits it is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania and is, therefore, a citizen of Delaware and Pennsylvania, but not Texas. The remaining allegations in paragraph 13 of the Complaint are

either statements of law, to which a response is not required, or allegations of which Defendant lacks knowledge or information sufficient to form a belief about their truth. To the extent a response is required, the allegations are denied. However, Defendant submits that the Court's subject-matter jurisdiction over this action is based solely on diversity of citizenship, 28 U.S.C. § 1332, and that assertions regarding supplemental jurisdiction under 28 U.S.C. § 1367 are either irrelevant or incorrect.

14.     Defendant admits the Court has personal jurisdiction over it in this matter. Defendant denies the remaining allegations in paragraph 14 of the Complaint.

**III.**
**FACTS**

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 15 of the Complaint.

16.     Defendant admits it operates a donation center at 10121 Lake June Road, Suite 503 in Pleasant Grove, Texas. Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 17 of the Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 18 of the Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 19 of the Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 20 of the Complaint.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 21 of the Complaint.

22.     Defendant admits it notified Plaintiff Demetria Jackson that the plasma she donated tested positive for HIV, reported the positive test result to the National Donor Deferral Registry (NDRR) as it is required and legally privileged to do, and that Ms. Jackson presented results from a subsequent test not performed by Defendant indicating she is not HIV positive. Defendant denies the remaining allegations in paragraph 22 of the Complaint.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 23 of the Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 24 of the Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant denies the allegations in paragraph 31 of the Complaint.

32.     Defendant denies the allegations in paragraph 32 of the Complaint.

**IV.**
**CAUSES OF ACTION**

**Negligence**

33.     Defendant repeats and incorporates its responses to the allegations in paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

**Violations of the Texas Deceptive Trade Practices Act**

38.     Defendant repeats and incorporates its responses to the allegations in paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

**Defamation**

46.     Defendant repeats and incorporates its responses to the allegations in paragraphs 1 through 45 of the Complaint as is fully set forth herein.

47.     Defendant denies the allegations in paragraph 47 of the Complaint.

**Tortious Interference and Conspiracy to Commit Tortious Interference**

48.     Defendant repeats and incorporates its responses to the allegations in paragraphs 1 through 47 as if fully set forth herein.

49.     Defendant denies the allegations in paragraph 49 of the Complaint.

50.     Defendant denies the allegations in paragraph 50 of the Complaint.

51.     Defendant denies the allegations in paragraph 51 of the Complaint.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

**V.**

54.     Defendant acknowledges that Plaintiff Holt asserts in the Complaint a cause of action for loss of consortium but, to the extent the cause of action is against Defendant, denies that it is liable to Plaintiff Holt for loss of consortium.

**VI.**
**BREACH OF CONTRACT**

55.     Defendant denies the allegations in paragraph 55 of the Complaint. Further the allegations in paragraph 55 of the Complaint are not pled with particularity as required by Federal Rule Civil Procedure 9.

**VII.**
**FRAUD**

56.     Defendant denies the allegations in paragraph 56 of the Complaint. Defendant further states that Plaintiff Jackson and each additional Plaintiff have failed to plead this claim with particularity as required by Fed. R. Civ. P. 9(b).

**VIII.**
**VIOLATION OF PRIVACY RIGHTS**

57.     Defendant denies the allegations in paragraph 57 of the Complaint.

58.     Defendant denies the allegations in paragraph 58 of the Complaint.

## IX.
## DECLARATORY JUDGMENT

59.     Defendant denies the allegations underlying the relief sought in paragraph 59 of the Complaint. Further, Plaintiffs have failed to plead a statutory basis for the relief sought in paragraph 59. However, to the extent the claim is pursuant to the Texas Uniform Declaratory Judgments Act, the relief sought is not a justiciable controversy as to the rights and status of the parties for which the Court is empowered to grant declaratory relief and is, therefore, improper and not subject to the Act. *See* Tex. Civ. Prac. & Rem. Code § 37.001, et seq. Further, Plaintiff's request that the Court declare her HIV negative requires the Court to inappropriately engage in the practice of medicine.

60.     Defendant denies the allegations underlying the relief sought in paragraph 60 of the Complaint. Further, Plaintiffs have failed to plead a statutory basis for the relief sought in paragraph 60. However, to the extent the claim is pursuant to the Texas Uniform Declaratory Judgments Act, the relief sought is not a justiciable controversy as to the rights and status of the parties for which the Court is empowered to grant declaratory relief and is, therefore, improper and not subject to the Act. *See* Tex. Civ. Prac. & Rem. Code § 37.001, et seq. Further, Plaintiff's request that the Court declare her HIV negative requires the Court to inappropriately engage in the practice of medicine.

## X.
## USE OF DISCOVERY

61.     Defendant acknowledges Plaintiffs' intent to use all documents produced by Defendants in discovery conducted in this matter at any pretrial proceeding and/or trial, but denies that Plaintiffs are entitled to do so and preserves its right to object to the use of documents at any pretrial proceeding and/or trial pursuant to the Federal Rules of Civil Procedure, Federal

Rules of Evidence, and any other applicable legal precedent or precept. Further, this is not a proper allegation in a federal complaint and, to the extent necessary, is denied.

## XI.
## REQUEST FOR LEGAL HOLD

62.     Defendant acknowledges Plaintiffs' request for legal hold in paragraph 62 of the Complaint, but denies any liability stemming from the request.

## XII.
## CONDITIONS PRECEDENT

63.     Defendant denies Plaintiffs have fulfilled all conditions precedent including, but not limited to, pre-suit notice required by the Texas Deceptive Trade Practices Act—Texas Civil Practice &  Remedies Code § 17.505.

## XIII.
## JURY DEMAND

64.     Defendant acknowledges Plaintiffs' demand for a trial by jury in paragraph 64 of the Complaint, but denies that a jury is necessary for the resolution of this matter.

65.     Defendant further denies the statements set out in the Declarations annexed to the Second Amended Complaint and puts Plaintiffs to the strict proof thereof.

## PRAYER

Defendant denies the allegations and Plaintiffs' entitlement to any of the relief set forth in the Prayer paragraph of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.     All of the causes of action in the Complaint fail, in whole or in part, for failure to state a claim upon which relief may be granted including, but not limited to, because Plaintiffs cannot prove one or more required elements of each cause of action.

2.      The allegations in the Complaint fail to state facts sufficient to state a claim that would support an award of actual, compensatory, exemplary, punitive, or other damages against Defendant including, but not limited to, the required intent elements, e.g., that Defendant's alleged conduct was committed knowingly, recklessly, intentionally, and/or with malice.

3.      The negligence cause of action in the Complaint fails, in whole or in part, because Plaintiffs' own acts or omissions caused or contributed to their alleged damages.

4.      The negligence cause of action in the Complaint fails, in whole or in part, because Plaintiffs' alleged damages were caused by a new and independent cause, intervening cause of others, and/or by the sole proximate cause of others.

5.      The breach of contract cause of action set out in the Complaint fails, in whole or in part, for failure or lack of consideration.

6.      The breach of contract cause of action set out in the Complaint fails, in whole or in part, under the statute of frauds – Texas Business & Commerce Code § 26.01(a)(1), (2).

7.      The defamation cause of action set out in the Complaint fails, in whole or in part, because the applicable statute of limitations has expired.

8.      The defamation cause of action set out in the Complaint fails, in whole or in part, because the allegedly defamatory statements were true or otherwise legally privileged.

9.      The defamation and "violation of privacy rights" causes of action set out in the Complaint fail, in whole or in part, because Plaintiffs consented to the disclosure in question.

10.     The defamation and "violation of privacy rights" causes of action set out in the Complaint fail, in whole or in part, because Defendant was protected in making the allegedly defamatory statements by a common-law privilege.

11.     The conspiracy cause of action set out in the Complaint fails, in whole or in part, because the underlying allegedly conspiratorial conduct was not illegal.

12.     Defendant asserts the affirmative defense and claims its reasonable and necessary attorney fees and costs afforded under the Texas Deceptive Trade Practices Act – Texas Civil Practice & Remedies Code § 17.50(c).

13.     Defendant asserts the affirmative defense and claims its reasonable and necessary attorney's fees and costs afford under the Texas Uniform Declaratory Judgments Act – Texas Civil Practice & Remedies Code § 37.001, et seq.

14.     The claims set out in the Complaint are barred by the doctrines of waiver, estoppel, and unclean hands.

15.     The claims set out in the Complaint fail, in whole or in part, because they are preempted by federal law.

16.     The claims set out in the Complaint are barred, in whole or in part, because they fall within the primary jurisdiction of the Food and Drug Administration.

17.     All actions by Defendant with respect to Plaintiffs were made with justification, were in good faith compliance with all applicable law, regulation, and/or agency guidance including, but not limited to, 21 C.F.R. §§ 610.40, 610.41, 630.10, and 630.35, and were done without any intent to injure or harm Plaintiffs.

18.     Plaintiffs' claimed damages, if any, were caused by the conduct of other persons or entities over whom/which Defendant had no control and for whose conduct Defendant is not liable.

19.     Plaintiffs' claimed damages are barred, in whole or in part, because Plaintiffs have suffered no recoverable damages, and/or Plaintiffs have failed to mitigate their alleged damages.

20.     Defendant alleges that Plaintiffs have failed to plead their alleged special damages with specificity as required by Rule 9 of the Federal Rules of Civil Procedure.

21.     As a separate and alternative affirmative defense to the Complaint, Defendant alleges that the claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Federal Rule of Civil Procedure 8. The extent to which Plaintiffs' claims may be barred by one or more of said affirmative defenses, not specifically set out above, cannot be determined until Defendant has had an opportunity to complete discovery, and Defendant therefore incorporates all such affirmative defenses as fully set forth therein.

22.     Defendant reserves the right to assert additional affirmative defenses as may appear appropriate in light of discovery or subsequent events.

**WHEREFORE**, having responded to the allegations in Plaintiffs' Second Amended Second Amended Complaint, Defendant CSL Plasma Inc. hereby requests that the Court enter an Order:

A.     Dismissing the Second Amended Complaint in its entirety, with prejudice, rendering judgment in favor of Defendant, and awarding Defendant its costs and expenses, including reasonable attorney's fees, as set forth under the law; and

B.     Awarding Defendant such other relief as the Court deems just and proper.

Dated:  December 23, 2019

Respectfully submitted,

/s/ *Collin K. Brodrick*
Bruce J. Douglas
Texas State Bar  No. 06039770
Ogletree, Deakins, Nash, Smoak & Stewart, P. C.
bruce.douglas@ogletree.com
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
612.336.6858
bruce.douglas@ogletree.com

-AND-

Collin K. Brodrick
Texas State Bar No. 24087212
Ogletree, Deakins, Nash, Smoak & Stewart, P. C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
214.692.0168
collin.brodrick@ogletree.com

ATTORNEYS FOR DEFENDANT
CSL PLASMA INCORPORATED

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

D. BRADLEY KIZZIA
bkizzia@kjp11c.com
J. NICOLE WARD
nicole@kjp11c.com
KIZZIA JOHNSON PLLC
1910 Pacific Ave., Ste. 13000
Dallas, Texas 75201

/s/ *Collin K. Brodrick*
Collin K. Brodrick

40773696.3