IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERRICK ANDERSON, et al., § | |
| § | |
| Plaintiffs, § | |
| § Civil Action No. 3:19-CV-2311-D | |
| VS. § | |
| § | |
| OCTAPHARMA PLASMA, § | |
| INCORPORATED, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Following the dismissal of this action against defendant CSL Plasma, Inc. ("CSL") in *Anderson v. Octapharma Plasma, Inc.* (*Anderson III*), 2021 WL 1894689, at *9 (N.D. Tex. May 11, 2021) (Fitzwater, J.), plaintiffs move for a new trial under Fed. R. Civ. P. 59(a), or, alternatively, to alter or amend judgment under Rule 59(e), and/or to clarify judgment. For the following reasons, the court denies plaintiffs' motion for a new trial under Rule 59(a) and their motion to alter or amend judgment under Rule 59(e), and grants in part and denies in part their motion for clarification.

I

The pertinent background facts and procedural history of this case are set out in several prior memorandum opinions and orders, *see Anderson III*, 2021 WL 1894689, at *1-2; *Anderson v. Octapharma Plasma, Inc.* (*Anderson II*), 2020 WL 7245075, at *1-2 (N.D. Tex. Dec. 9, 2020) (Fitzwater, J.); *Anderson v. Octapharma Plasma, Inc.*, 2020 WL 1083608, at *1-2 (N.D. Tex. Mar. 6, 2020) (Fitzwater, J.).

In *Anderson III* the court dismissed with prejudice, by Rule 54(b) final judgment, the claims plaintiffs asserted against defendant CSL. Plaintiffs move for a new trial, or, alternatively, to alter or amend judgment, on the ground that the court erred in *Anderson III* in concluding that plaintiffs failed to plausibly allege the breach of a legal duty in support of their negligent testing claim. They also request that the court clarify that *Anderson III* only applies to defendant CSL, does not apply to all of plaintiffs' negligence claims, and, with respect to plaintiff Demetria Jackson's ("Jackson's") declaratory judgment claim, intended to state that this claim is duplicative of Jackson's defamation claim, rather than her negligence claims.

II

Plaintiffs' motion for a "new trial" under Rule 59(a) is denied. The motion is not properly considered a motion for "new trial" because there was no trial. As this court has explained several times, including in *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.):

> [a]lthough denominated as a motion for "new trial," it obviously is not such a motion. As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court. The court disposed of this case on motion for summary judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

*Id.* at *1.

- 2 -

III

The court now turns to plaintiffs' alternative Rule 59(e) motion to alter or amend the judgment.

A

Rule 59(e) motions serve the narrow purpose of permitting "a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam) (footnote omitted); *see also Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta*, 2009 WL 129731, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc*., 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.)). The movant must demonstrate valid reasons to justify the court's reconsideration of a prior ruling. *See Hearn v. Quarterman*, 2008 WL 679030, at *3 (N.D. Tex. Mar. 13, 2008) (Fitzwater, C.J.). While "[t]he district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Insurance Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S.*

*Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

B

In support of their Rule 59(e) motion, plaintiffs argue for the first time[1] that CSL owed them a legal duty under the Restatement (Second) of Torts § 323, under Tex. Occupations Code Ann. § 151.002(13) (West 2012), and under 21 C.F.R. § 630.5(a), to exercise reasonable care with respect to the handling and testing of their plasma samples. But plaintiffs have failed to provide the court any reason why they could not have advanced this argument in their response to CSL's motion for judgment on the pleadings, in which CSL clearly raised the argument that it did not owe plaintiffs a legal duty. *See* CSL 6-18-2020 Br. at 8 (arguing that "[w]hile CSL may have a duty to properly test donors' blood samples for communicable diseases, that duty is owed to the entities that buy CSL's products, not Jackson"). Because Rule 59(e) motions are "not the proper vehicle for . . . advancing theories of the case that could have been presented earlier," *AMS Staff Leasing*, 2005 WL 3148284, at *4 (citation omitted), and because plaintiffs have provided the court with no reason why their argument could not have been advanced earlier, the court declines to consider it.

---

[1]Although plaintiffs advanced this exact argument in their opposition to the court's *sua sponte* dismissal of their negligent handling and testing claim asserted against BioLife Plasma Services L.P. ("BioLife"), *see* Ps. Resp. in Opp. to *Sua Sponte* Dismissal at 8-10, this is the first time they have raised this argument with respect to their negligence claims asserted against CSL.

- 4 -

C

Even if the court were inclined to consider plaintiffs' new argument, it would nevertheless deny plaintiffs' Rule 59(e) motion because they still have not plausibly alleged that CSL *breached* any alleged legal duty. In *Anderson II* the court held in the alternative that "assuming *arguendo* that, under Texas law, plasma collection companies do owe donors a duty of reasonable care with respect to testing plasma donations for evidence of communicable disease, plaintiffs have not plausibly alleged that defendants' conduct breached that duty: i.e., that they acted negligently." *Anderson II*, 2020 WL 7245075, at *10. The court reasoned:

> In the third amended complaint, plaintiffs make the conclusory allegation that "defendants breached the[ ] duties [listed in ¶ 36,] which led to tainted and/or false results." 3d. Compl. ¶ 36. But this conclusory assertion is insufficient of itself to plausibly plead the breach element of a negligence cause of action. Based solely on the fact that their screening tests resulted in false positive results, plaintiffs are essentially asking the court [to] draw the inference that defendants must have acted with negligence. In fact, plaintiffs attempt to plead their negligence claim under an alternative *res ipsa loquitur* theory, alleging that "Defendants took control of Plaintiffs' blood samples and if handled, processed and tested properly without negligence, would not have led to the inaccurate results and damages to Plaintiffs." 3d Compl. ¶ 40. But the allegations of the third amended complaint do not enable the court to draw the reasonable inference that false positive test results can only occur when tests are negligently performed. Therefore, based on plaintiffs' false positive test results alone, the court cannot reasonably infer that defendants acted negligently when testing, handling, and processing plaintiffs' blood samples. The court grants CSL's . . . motion[] to dismiss plaintiffs' negligent testing claim on the alternative ground that plaintiffs have failed to plausibly allege the breach of a legal duty—i.e., that [CSL]

- 5 -

    acted negligently.

*Id.*

  Plaintiffs do not challenge this alternative holding in their Rule 59(e) motion. Accordingly, the court declines to alter or amend its May 11, 2021 judgment in favor of CSL.

IV

  The court also declines plaintiffs' request that it "clarify that ECF Doc. No. 96 [(i.e, *Anderson III*)] applies only to Defendant CSL." Ps. Br. 6. A significant portion of *Anderson III* addresses plaintiffs' claims against BioLife Plasma Services L.P. ("BioLife"), Octapharma Plasma, Incorporated ("Octapharma"), and ImmunoTek Bio Centers, LLC ("ImmunoTek"). *Anderson III* does not, therefore, apply only to CSL.

V

  Plaintiffs next request that the court clarify that *Anderson III* does not apply to all of their negligence claims. They contend that although the court in *Anderson III* dismissed their claims for "negligent reporting" and "negligent testing," they

> also allege that Defendants had a duty to exercise reasonable care to procure, process, ship, and otherwise handle Plaintiffs' plasma samples so as not to contaminate them, mix them with other tainted samples, overheat them, or degrade them so as to cause the screenings to be inaccurate resulting in false-positive results as happened in Plaintiffs cases, and that Defendants breached such duties causing the damages Plaintiffs have asserted.

Ps. Br. 6-7. They request that the court clarify that *Anderson III* does not apply to the negligence claims they have pleaded in addition to their claims for negligent reporting and

- 6 -

negligent testing.

The court concludes that no clarification is necessary. In *Anderson II* the court explained that "[a]lthough plaintiffs allege negligence in obtaining, handling, processing, and testing plaintiff's donations, the court for ease of reference will refer to this claim as one for 'negligent testing.'" *Anderson II*, 2020 WL 7245075, at *9 n.17 (citation omitted). And nothing in *Anderson III* suggested to the parties that the court intended in that opinion to use the term "negligent testing" more narrowly than it did in *Anderson II*. Accordingly, the court denies plaintiffs' request for clarification.

VI

Finally, plaintiffs request that the court clarify the following statement in *Anderson III*: "The court, in its discretion, declines to adjudicate Jackson's declaratory judgment claim because it is duplicative of her negligence claims, which this court has already addressed and determined should be dismissed." *Anderson III*, 2021 WL 1894689, at *9. They contend that Jackson's declaratory judgment claim is not duplicative of her negligent processing, handling, and screening claims, and that it is possible that the court intended to state that Jackson's declaratory judgment claim is duplicative of her *defamation* claim, which the court dismissed on statute of limitations grounds. Defendant BioLife responds that

> Plaintiffs' declaratory judgment claims are duplicative of both
> the negligence and defamation claims and should be dismissed.
> If clarification is warranted, BioLife respectfully requests the
> Court to clarify whether Plaintiffs' declaratory judgment claim
> is dismissed as to the remaining Defendants on the same basis
> that it is duplicative of Plaintiffs' other claims.

- 7 -

BioLife Br. 3.

  The court clarifies *Anderson III* to the following extent and otherwise declines to do so. In their third amended complaint, plaintiffs seek a declaration that they are not HIV positive or positive for Hepatitis C, a declaration that their test results were false-positive test results, and an injunction ordering defendants to correct each of their records, including any national database entries, registries, or lists. Jackson's declaratory judgment claim is duplicative of her defamation claim, which the court dismissed in *Anderson III*, and the court in its discretion could have dismissed Jackson's declaratory judgment claim on that basis. To the extent that any part of Jackson's declaratory judgment claim *also* duplicates her negligence claims, which the court has dismissed in their entirety, the court has already declined to adjudicate Jackson's declaratory judgment claim on that basis. *Anderson III*, 2021 WL 1894689, at *9. In any event, the outcome with respect to CSL is the same. Because all of Jackson's other claims against CSL have been dismissed, and because her declaratory judgment claim duplicates the dismissed claims, the court in its discretion declines to adjudicate Jackson's declaratory judgment claim.[2] The court concludes that no further clarification is necessary.

---

[2]Because the remaining defendants did not move to dismiss plaintiffs' declaratory judgment claim on the ground that it duplicates their other claims, the court declines at this juncture to dismiss plaintiffs' declaratory judgment claim asserted against Octapharma, BioLife, or Immunotek.

\* \* \*

Accordingly, for the reasons explained, the court denies plaintiffs' motion for a new trial under Rule 59(a) and their motion to alter or amend judgment under Rule 59(e), and grants in part and denies in part their motion for clarification.

**SO ORDERED**.

September 16, 2021.

                                                SIDNEY A. FITZWATER
                                                SENIOR JUDGE